**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Travis Darwin Nelson, ) | |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| ) | |
| vs. ) | |
| ) | |
| Minnesota Department of Corrections, ) | |
| ) | Case No. 1:20-cv-155 |
| Defendant. ) | |

Plaintiff initiated the above-captioned action *pro se* on August 18, 2020, with the submission of an application to proceed *in forma pauperis*, which the court granted, a motion for appointment of counsel, which the court denied without prejudice, and a complaint. On August 24, 2020, he filed notice of his consent to the Magistrate Judge's exercise of jurisdiction over this matter.

The court conducted an initial review of plaintiff's complaint as mandated by statute. See 28 U.S.C. § 1915A. On September 1, 2020, the court issued an order that directed plaintiff to file by September 18, 2020, an amended complaint addressing the pleading deficiencies it had identified or otherwise show cause this matter should not be dismissed. To date plaintiff has not complied with the court's directive. Consequently, the above-captioned action shall be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff is in the custody of the North Department of Corrections and Rehabilitation. (Doc. No. 9). He is endeavoring to sue the Minnesota Department of Corrections. (Doc. No. 8). He asserts that he was needlessly extradited by and wrongfully imprisoned in Minnesota and that he suffered emotional and mental anguish as a result. (Id.). Specifically, he alleges:

I was denied bail in Grand Forks ND after my Minnesota time was done. MNDOC

1

>was contacted by Nichole Johnson & they said I had to come there. I was extradicted by MNDOC Lino Lakes when my prison was done there. I was held in MNDOC Lino Lakes when my time was done there. No one would listen to my claims, one guard told me I need to get a lawyer cause I have a good case.
>
>* * *
>
>I'm claiming mental & emotional anguish. I was taken across state lines for no reason. I suffered through stress, fights with family, I was called liar, I was kicked out of Prison 6 hours from home in the middle of winter, I was cheated on by girlfriend cause I was there, I distrust the system & now I want to run whenever cops are involved. I also froze outside that day till my ride showed up 6 hours later. I had to spend the little money I had on phone just to stay in contact with ride, I as forced to beg for gloves & hat, plus loss of work.
>
>* * *
>
>I want $90,000.00 for wrongful imprisonment & being brought across state lines for no reason. I want $1,000,000.00 dollars for the emotional & mental pain I was put through.

(Doc. No. 8) (errors in original).

## II.   APPLICABLE LAW

### A.   Initial Screening Requirements

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203–04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In enacting the PLRA, Congress did not impose a heightened pleading requirement for prisoner complaints. Jones, 549 U.S. at 203–04. Consequently, to state a cognizable claim, the complaint need only meet the requirements of Fed. R. Civ. P. 8(a)(2) that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007).

But, while the pleading requirements under Rule 8(a)(2) are not great, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 556 n.3 (2007) ("Twombly"). The complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 555. Also, the complaint must state enough to satisfy the "plausibility standard" for stating a cognizable claim as established in Twombly and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) ("Iqbal"). Finally, while a a *pro se* litigant's complaint is entitled to a liberal construction, the minimal pleading requirements of Iqbal and Twombly must still be satisfied. E.g., Story v. Foote, 782 F.3d 968, 969 (8th Cir. 2015).

Under the Iqbal/Twombly plausibility standard, the complaint must state enough factual matter, which accepted as true, states a claim that is plausible on the face of the allegations. See id. A claim crosses the threshold of being plausible when the factual allegations do more than merely create a suspicion of a legally cognizable action and "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 680–81. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32–34 (1992).

Determining whether a complaint states a plausible claim is "a context specific task" that requires the court "to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### B.   Subject Matter Jurisdiction

Additionally, federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.  See  Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) (opining that the lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party to an action, or by the court *sua sponte*); Thomas v. Barham, 931 F.2d 521, 523 (8th Cir. 1991) (stating that federal courts are obligated to consider their jurisdiction and shall raise jurisdictional issues *sua sponte* when there is an indication that jurisdiction is lacking, even if the parties concede the issue).

## II.   DISCUSSION

Plaintiff's complaint is problematic in several respects. First, it asserts a claim against a defendant that is immune from suit. Second, it asserts a claim that, at first blush, appears to be Heck-barred. Alternatively, the allegations are too meager and vague for defendant to divine the factual basis for his claims.

### A.   Eleventh Amendment Immunity

Plaintiff is endeavoring to sue the Minnesota Department of Corrections pursuant to 28 U.S.C. § 1983. The Eleventh Amendment generally prohibits claims against a state or one of its agencies for damages in federal court absent the state's consent or a valid abrogation of its sovereign immunity by an act of Congress.. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-69 (1985).

Section 1983 has been held not to have abrogated states' sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 343 (1979).

Minnesota has not consented to suits in federal court. Because the Minnesota Department of Corrections is the only named defendant and is immune from suit for any claim for damages under 42 U.S.C. § 1983, the above-entitled action is subject to dismissal.

**B.     Heck bar**

Further, plaintiff's claim is arguably subject to dismissal pursuant to the principles outlined in Heck v. Humphry, 512 U.S. 477 (1994). The United States Supreme Court held in Heck that, before an inmate can recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486–87. It added:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed proceed, in the absence of some other bar to the suit.

Id. at 487.

Plaintiff makes reference in the complaint to a parole hearing that, when read in conjunction with other statements he makes in his complaint, appears to have taken place sometime after arriving

5

in Minnesota.

> I had my girlfriend call, I told them when they came to extradite me, I told them when I got to Lino Lakes Prison & I told my public defender before my parole hearing.
>
> \* \* \*
>
> I was blown off over and over, until I met with my public defender at 9 am in the morning then at 2:30 pm they kicked me out of prison.
>
> \* \* \*
>
> I was taken across state lines for no reason. I suffered through stress, fights with family, I was called a liar, I was kicked out of prison 6 hours from home in the middle of winter . . . .

(Doc. No. 8). This suggests that plaintiff was extradited to and detained in Minnesota pursuant to a criminal judgment, the invalidity of which plaintiff is implying but has not demonstrated.

### C.    Pleading Deficiencies

Alternatively, plaintiff's complaint is subject to dismissal for failure to state a claim as it fails to meet the most basic of pleading requirements. Plaintiff challenges his extradition and detention in Minnesota but does not indicate when he was extradited, how long he was detained in Minnesota, why he was detained if not pursuant to a criminal judgment, or when he released. Thus, he has not provided sufficient notice of the basis for his claim to any prospective defendant.

### III.    CONCLUSION

For the reasons articulated above, plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated this 2nd day of November, 2020.

                                                  */s/ Clare R. Hochhalter*
                                                  Clare R. Hochhalter, Magistrate Judge
                                                  United States District Court